IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AYOUB HAJI MAMET, *et al.*, | ) |
| | ) |
| Petitioners, | ) |
| | ) |
| v. | ) Civil Action No. 05-CV-1886 (JR) |
| | ) |
| GEORGE W. BUSH, | ) |
| President of the United States, | ) |
| *et al.,* | ) |
| | ) |
| Respondents. | ) |

**RESPONDENTS' MOTION FOR ORDER TO SHOW CAUSE WHY CASE SHOULD
NOT BE DISMISSED FOR LACK OF PROPER "NEXT FRIEND" STANDING OR, IN
THE ALTERNATIVE, TO STAY PROCEEDINGS PENDING RELATED APPEALS**

Respondents hereby respectfully request that the Court order petitioners to show cause

why the above-captioned petition for writ of habeas corpus, not directly authorized by the

detainees at Guantanamo Bay for whom habeas relief is sought, but instead brought by other

detainees claiming to act as their "next friends," should not be dismissed for lack of proper next

friend standing. The putative "next friends," detainees Adel Abdul Hakim and Usama Hasan

Abu Kabir, bear the burden of establishing their next friend status and justifying the exercise of

the court's jurisdiction over this action. See Whitmore v. Arkansas, 495 U.S. 149, 163 (1990)

("'[N]ext friend' standing is by no means granted automatically to whomever seeks to pursue an

action on behalf of another."). To do so, they must satisfy the "two firmly rooted prerequisites"

articulated by the Supreme Court in Whitmore: (1) they must demonstrate that the detainees on

whose behalf they claim to file petitions for writ of habeas corpus cannot challenge the legality of

their detention themselves; and (2) they must have a significant relationship with each of these

detainees in order to demonstrate that they are truly dedicated to each detainee's best interests. Id. at 163-64. The petition in the above-captioned case fails to meet either requirement. If petitioners are unable to demonstrate that the petition was filed by legitimate next friends, the Court cannot exercise jurisdiction over the petition, and the case must be dismissed for lack of standing.[1]

If the above-captioned case is not dismissed for lack of proper next friend standing, the case nonetheless should be stayed pending resolution of all appeals in Khalid v. Bush, Boumediene v. Bush, Nos. 04-CV-1142 (RJL), 04-CV-1166 (RJL), 355 F. Supp. 2d 311 (D.D.C. 2005), appeals docketed, Nos. 05-5062, 05-5063 (D.C. Cir. Mar. 2, 2005), and In re Guantanamo Detainee Cases, No. 02-CV-0299, et al., 355 F. Supp. 2d 443 (D.D.C. 2005), appeal on petition for interlocutory appeal, No. 05-5064 (D.C. Cir. Mar. 10, 2005). The pending appeals will address the core issues in this case and, thus, determine how this case should proceed, if at all. It makes no sense for this case to proceed in any substantive fashion prior to resolution of the appeals; further proceedings would require the expenditure of significant judicial and other

_____

[1] The issue of next friend standing was raised sua sponte by Judge Roberts in Ahmed v. Bush, No. 05-CV-0665 (RWR), another Guantanamo Bay detainee case. Based on an observation that the petition presented scant facts demonstrating that the Whitmore requirements were satisfied, Judge Roberts ordered petitioners to file a memorandum and supporting materials tending to demonstrate that the detainee who purported to act as next friend in that case should be granted next friend standing. See Ahmed v. Bush, No. 05-CV-0665 (RWR) (Order dated May 24, 2005) (dkt. no. 12). Petitioners filed a memorandum in response to the Court's Order, in an attempt to demonstrate that both prongs of the Whitmore test were satisfied. See Ahmed v. Bush, No. 05-CV-0665 (RWR) (dkt. no. 13). Although respondents filed a response to petitioners' memorandum indicating that they took no position on petitioners' memorandum at that time, see Ahmed v. Bush, No. 05-CV-0665 (RWR) (dkt. no. 14), and the Court in that case did not issue any subsequent ruling on the issue, respondents now seek to challenge next friend standing in certain recently-filed Guantanamo Bay detainee cases in which the appropriate next friend standing requirements have not been satisfied.

resources that may be avoided as a result of the appeals, and, in any event, such proceedings very likely would have to be revisited or relitigated once the appeals are decided and the Court of Appeals provides guidance regarding handling of the claims in all of the Guantanamo detainee cases.

**ARGUMENT**

I.    **Petitioners Should Establish Proper "Next Friend" Standing or the Above-Captioned Case Should be Dismissed.**

It is well-established that "before a federal court can consider the merits of a legal claim, the person seeking to invoke the jurisdiction of the court must establish the requisite standing to sue" under Article III of the Constitution.  Whitmore, 495 U.S. at 154.  The standing doctrine "ensure[s] that the plaintiff has a sufficient personal stake in the outcome of a dispute to render judicial resolution of it appropriate in a society that takes seriously both the idea of separation of powers and, more fundamentally, the system of democratic self-government that such separation serves."  Hamdi v. Rumsfeld, 294 F.3d 598, 602-03 (4th Cir. 2002) (citation and internal quotations omitted).[2]  "In essence, the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of particular issues."  Warth v. Seldin, 422 U.S. 490, 498 (1975).  A habeas petitioner has proper standing only if the petition is "signed and

---

[2]  The cited 2002 decision of the Fourth Circuit in Hamdi ordered dismissal of a habeas case that a public defender and private citizen brought as purported next friends of Hamdi despite having no relationship with him.  That deficiency was cured when Hamdi's father filed a legitimate next-friend petition bearing the same style, which eventually culminated in the 2004 decision of the Supreme Court in Hamdi v. Rumsfeld, 124 S. Ct. 2633 (2004).  See Hamdi, 294 F.3d at 600 n.1, 606-07 & n.4; see also Hamdi, 124 S. Ct. at 2636.  Of course, neither the fact that the defect was cured, nor the Supreme Court's ultimate decision in the properly filed habeas case, undermines or casts doubt on the Fourth Circuit's holdings concerning next friend standing in the defective case brought by the public defender and private citizen.

verified by the person for whose relief it is intended or by someone acting in his behalf."  28

U.S.C. § 2242.  If a petition is brought by someone acting on behalf of the person for whose

relief the petition is intended, this "next friend" does not become a party to the action, but

"simply pursues the cause on behalf of the detained person, who remains the real party in

interest."  Whitmore, 495 U.S. at 163.

Next friend standing is not automatically granted to anyone who seeks to pursue an action

on behalf of another person, however.  See id.  Rather, consistent with the constitutional limits

established by Article III, a litigant who asserts next friend standing bears the burden of

satisfying the "two firmly rooted prerequisites" for next friend status articulated by the Supreme

Court in Whitmore:

> First, a "next friend" must provide an adequate explanation — such
> as inaccessibility, mental incompetence, or other disability — why
> the real party in interest cannot appear on his own behalf to
> prosecute the action.  Second, the "next friend" must be truly
> dedicated to the best interests of the person on whose behalf he
> seeks to litigate, and it has been further suggested that a "next
> friend" must have some significant relationship with the real party
> in interest.

Id. at 163-64 (internal citations omitted).

The petition in the above-captioned case does not meet either prong of the Whitmore test.

First, petitioners have failed to demonstrate that the detainees for whom habeas relief is sought

cannot submit petitions on their own behalf.  As explained in the Declaration of Frank Sweigart,

the Department of Defense ("DoD") has notified each detainee at Guantanamo Bay of his right to

file a petition for habeas corpus, and has provided each detainee with the address of the United

States District Court in the event that he desires to submit his own petition to the Court.[3]  See (Second) Sweigart Declaration, ¶¶ 3-5 (attached hereto as Exhibit A).  As a result of these notifications, 55 pro se petitions for writ of habeas corpus have already been filed with the Court,[4] and at least 17 detainees have written directly to counsel and secured assistance in filing petitions.[5]  Furthermore, DoD has taken affirmative steps to facilitate legal representation for

_____

[3]  Detainees are afforded the opportunity regularly to send and receive mail through the mail system administered by DoD and through the International Committee for the Red Cross. Detainees are supplied pens, paper and envelopes regularly, and mail privileges cannot be revoked.  See Sweigart Declaration, Ex. D.

[4]  See Khiali-Gul v. Bush, No. 05-CV-0877 (JR); Rahmattulah v. Bush, No. 05-CV-0878 (CKK); Mohammad v. Bush, No. 05-CV-0879 (RBW); Nasrat v. Bush, No. 05-CV-0880 (ESH); Slahi v. Bush, No. 05-CV-0881 (JR); Rahman v. Bush, No. 05-CV-0882 (GK); Bostan v. Bush, No. 05-CV-0883 (RBW); Muhibullah v. Bush, No. 05-CV-0884 (RMC); Mohammad v. Bush, No. 05-CV-0885 (GK); Wahab v. Bush, No. 05-CV-0886 (EGS); Chaman v. Bush, No. 05-CV-0887 (RWR); Gul v. Bush, No. 05-CV-0888 (CKK); Basardh v. Bush, No. 05-CV-0889 (ESH); Khan v. Bush, No. 05-CV-0890 (RMC); Nasrullah v. Bush, No. 05-CV-0891 (RBW); Shaaban v. Bush, No. 05-CV-0892 (CKK); Sohail v. Bush, No. 05-CV-0993 (RMU); Tohirjanovich v. Bush, No. 05-CV-0994 (JDB); Slahi v. Bush, No. 05-CV-0995 (JR); Mohammad v. Bush, No. 05-CV-0996 (JR); Khudaidad v. Bush, No. 05-CV-0997 (PLF); Al Karim v. Bush, No. 05-CV-0998 (RMU); Al-Khalaqi v. Bush, No. 05-CV-0999 (RBW); Sarajuddin v. Bush, No. 05-CV-1000 (PLF); Kahn v. Bush, No. 05-CV-1001 (ESH); Mohammed v. Bush, No. 05-CV-1002 (EGS); Mangut v. Bush, No. 05-CV-1008 (JDB); Hamad v. Bush, No. 05-CV-1009 (JDB); Khan v. Bush, No. 05-CV-1010 (RJL); Zuhoor v. Bush, No. 05-CV-1011 (JR); Ali Shah v. Bush, No. 05-CV-1012 (ESH); Salaam v. Bush, No. 05-CV-1013 (JDB); Mammar v. Bush, No. 05-CV-1233 (RCL); Ahmed v. Bush, No. 05-CV-1234 (EGS); Baqi v. Bush, No. 05-CV-1235 (PLF); Abdulzaher v. Bush, No. 05-CV-1236 (RWR); Aminullah v. Bush, No. 05-CV-1237 (ESH); Ghalib v. Bush, No. 05-CV-1238 (CKK); Al Khaiy v. Bush, No. 05-CV-1239 (RJL); Altaiy v. Bush, No. 05-CV-1240 (RCL); Bukhari v. Bush, No. 05-CV-1241 (RMC); Pirzai v. Bush, No. 05-CV-1242 (RCL); Peerzai v. Bush, No. 05-CV-1243 (RCL); Alsawam v. Bush, No. 05-CV-1244 (CKK); Mohammadi v. Bush, No. 05-CV-1246 (RWR); Al Ginco v. Bush, No. 05-CV-1310 (RJL); Ullah v. Bush, No. 05-CV-1311 (RCL); Al Bihani v. Bush, No. 05-CV-1312 (RJL); Sadkhan v. Bush, No. 05-CV-1487 (RMC); Faizullah v. Bush, No. 05-CV-1489 (RMU); Faraj v. Bush, No. 05-CV-1490 (PLF); Khan v. Bush, No. 05-CV-1491 (JR); Ahmad v. Bush, No. 05-CV-1492 (RCL); Amon v. Bush, No. 05-CV-1493 (RBW); Idris v. Bush, No. 05-CV-1555 (JR).

[5]  See Al Qosi v. Bush, No. 04-CV-1937 (PLF); Abdullah v. Bush, No. 05-CV-0023 (RWR) (Rami Bin Saad Al-Oteibi); Al-Wazan v. Bush, No. 05-CV-329 (PLF); Alhami v. Bush,

detainees who have indicated a desire to challenge the legality of their detention by providing them with a form to complete and mail to the American Bar Association ("ABA"), which has agreed to recruit volunteer counsel for detainees desiring representation.  See (Second) Sweigart Declaration, ¶ 7.  In addition, all detainees at Guantanamo Bay have the ability to send and receive mail, allowing them to contact family and friends, see Sweigart Declaration, Ex. D; supra, note 3, and they have been informed of the option of contacting friends and family to have them file habeas petitions on their behalf.

Given that all detainees have been notified of their right to submit petitions for writ of habeas corpus; that they have the ongoing opportunity to send mail to family, friends, and the Court; and that the ABA has agreed to offer the detainees assistance in securing legal representation, it cannot simply be assumed that the detainees seeking habeas relief in the above-captioned case cannot file petitions on their own behalf.  The next friend petition, however, does just that.  See Petition, ¶ 4 ("Because Petitioners have been denied access to legal counsel, Adel Abdul Hakim, who is presently incarcerated at Guantanamo and is a Uighur, acts as the Next Friend of Ayoub Haji Mamet, and Usama Hasan Abu Kabir, who is presently incarcerated at Guantanamo and is a citizen of Jordan, acts as the Next Friend of Ahmad Doe and Aktar Doe.").  See also Ahmed v. Bush, No. 05-CV-0665 (RWR) (Order dated May 24, 2005) (dkt. no. 12) ("The petition presumes, rather than demonstrates through facts, that Ahmed has been denied

---

No. 05-CV-359 (GK); Ameziane v. Bush, No. 05-CV-392 (ESH); Qassim v. Bush, No. 05-CV-497 (JR); Tumani v. Bush, No. 05-CV-0526 (RMU); Mokit v. Bush, No. 05-CV-0621 (PLF); Battayav v. Bush, No. 05-CV-0714 (RBW); Hamoodah v. Bush, No. 05-CV-0795 (RJL); Mousovi v. Bush, No. 05-CV-1124 (RMC) (Abdul Razak Iktiar Mohammed); Faraj v. Bush, No. 05-CV-1590 (JDB) (case voluntarily dismissed because of earlier-filed pro se case submitted by petitioner); Zahir v. Bush, No. 05-CV-1623 (CKK); El-Marqodi v. Bush, No. 05-CV-1649 (PLF).

access to the courts of the United States. . . . In light of the fact that several pro se petitions have

been filed recently by Guantanamo Bay detainees, Ahmed's lack of access to this court cannot be

presumed, but must be established."); Hamlily v. Bush, No. 05-CV-0763 (JDB) (Order dated

October 3, 2005) (dkt. no. 16) ("[The petition] states only that [Hamlily] is 'being held

essentially communicado' and that 'his family members have not been able to contact U.S.

counsel to file a petition on his behalf.' . . . There is a serious question as to whether this alone is

sufficient to establish Hamlily's inability to prosecute this action on his own behalf.").  Absent

evidence that the detainees on whose behalf this case is filed cannot submit petitions on their

own behalf, petitioners cannot demonstrate proper next friend standing, and the Court cannot

exercise jurisdiction over the petitions in the above-captioned cases.  See FW/PBS, Inc. v. City of

Dallas, 493 U.S. 215, 231 (1990) ("It is a long-settled principle that standing cannot be 'inferred

argumentatively from averments in the pleadings,' but rather 'must affirmatively appear in the

record.'") (citations omitted).

    The purported "next friends" in the above-captioned case have also failed to satisfy the

second requirement of the Whitmore test — they have not established that they have a

"significant relationship" with each detainee such that they are "truly dedicated to the[ir] best

interests." See Whitmore, 495 U.S. at 163-64.[6]  The requirement of a "significant relationship"

_____

    [6] The majority of Circuits that have been confronted with the issue have construed
Whitmore to require a "significant relationship" as part of the second prong of the test for next
friend standing.  See Hamdi v. Rumsfeld, 294 F.3d 598, 604 (4th Cir. 2002) ("Whitmore is thus
most faithfully understood as requiring a would-be next friend to have a significant relationship
with the real party in interest."); Coalition of Clergy, Lawyers, and Professors v. Bush, 310 F.3d
1153, 1162 (9th Cir. 2002) ("Combining the 'significant relationship' requirement, however,
with the 'dedicated to best interests' consideration . . . meets the concerns the Whitmore Court
addressed."); T.W. v. Brophy, 124 F.3d 893, 897 (7th Cir. 1997) ("It follows, as the Court
suggested in the Whitmore case, that not just anyone who expresses an interest in the subject

- 7 -

with the real party in interest is necessary to ensure that a next friend will genuinely pursue the interests of the person in custody (who at all times remains the real party in interest) and will not (1) merely use the litigation as a vehicle for advancing his own agenda or (2) assume he or she is in tune with the real party's desires and interests.  See id. at 164 (cautioning against "intruders or uninvited meddlers" filing lawsuits on behalf of unwitting strangers).

Thus, under the "significant relationship" requirement, courts have generally limited next friend standing to close relatives such as parents, siblings, and spouses.  See, e.g., Vargas v. Lambert, 159 F.3d 1161, 1168 (9th Cir. 1998) (mother); Hamdi, 294 F.3d at 600 n.1 (father); Smith ex rel. Missouri Pub. Defender Comm'n v. Armontrout, 812 F.2d 1050 (8th Cir. 1987) (brother); In re Ferrens, No. 4746, 8 F. Cas. 1158, 1159 (S.D.N.Y. 1869) (wife).  Attorneys who have previously represented an individual seeking habeas corpus have also been permitted to act as next friends based on that pre-existing relationship.  See Sanchez-Velasco, 287 F.3d at 1026

---

matter of a suit is eligible to be the plaintiff's next friend – that he 'must have some significant relationship with the real party in interest'"); Amerson v. Iowa, 59 F.3d 92, 93 n.3 (8th Cir. 1995) (under Whitmore, the "next friend has [the] burden to establish . . . that she has some "significant relationship with [the] real party in interest"); Zettlemoyer v. Horn, 53 F.3d 24, 27 n.4 (3d Cir. 1995) (observing that "[t]he Whitmore Court also . . . suggested that the party 'must have some significant relationship with the real party in interest'").  See also Al Odah v. Bush, 321 F.3d 1134, 1138 (D.C. Cir. 2003), rev'd on other grounds, Rasul v. Bush, 542 U.S. 466 (2004) (stating that the family members of Guantanamo detainees who filed habeas petitions on their behalf "demonstrated through affidavits that they are 'truly dedicated to the best interests of these individuals,' [and] that they have a 'significant relationship' with the detainees . . .") (citing Whitmore, 495 U.S. at 163-64).  Although the Eleventh Circuit questioned whether Whitmore established "some significant relationship" as an independent requirement, it nevertheless noted the importance of a relationship in demonstrating whether a putative next friend "can show true dedication to the best interests of the person on whose behalf he seeks to litigate."  Sanchez-Velasco v. Secretary of the Dep't of Corrections, 287 F.3d 1015, 1026-27 (11th Cir. 2002).  See also Centobie v. Campbell, 407 F.3d 1149, 1151 (11th Cir. 2005) ("We conclude that Puzone is not 'truly dedicated to the best interests of the person on whose behalf [s]he seeks to litigate,' and she does not have 'some significant relationship with the party in interest.'") (citing Hauser v. Moore, 223 F.3d 1316, 1322 (11th Cir. 2000)).

("'[S]ome significant relationship' does exist when the would-be next friend has served in a prior proceeding as counsel for the real party in interest and did so with his consent."). Distant relatives or simple acquaintances generally do not have a sufficient relationship to establish next friend standing, see, e.g., Davis v. Austin, 492 F. Supp. 273, 274-76 (N.D. Ga. 1980) (neither detainee's first cousin nor a minister who had counseled detainee could sue as next friend) (cited with approval in Whitmore, 495 U.S. at 164), and petitions filed by total strangers purporting to act as next friends are typically dismissed for lack of jurisdiction. See, e.g., Hamdi, 294 F.3d at 603-07 (dismissing petitions brought by a public defender and private citizen who had no relationship to the detainee).

In the above-captioned cases, petitioners have not demonstrated that Adel Abdul Hakim and Usama Hasan Abu Kabir have any sort of "significant relationship" with the detainees on whose behalf they claim to seek habeas relief. The statement submitted by Adel Abdul Hakim states only that "Ayoub [redacted] also a prisoner at Camp Iguana" desires to file a habeas petition in court, without indicating that Mr. Hakim knows "Ayoub" in any significant way. See Petition, Ex. A. The "authorization" submitted by Usama Hasan Abu Kabir contains boilerplate language stating that he understands what it means to act as a "next friend," and that he believes that the 35 (mostly single-named) detainees on whose behalf he claims to seek habeas relief, including two petitioners in this case, want legal representation to challenge their detention, without stating any legitimate basis for his belief beyond the fact that they have also been detained at Guantanamo Bay.[7] See Petition, Ex. B. This dearth of basic biographical and

---

[7] If a detainee were able to act as next friend for another detainee simply based on the mere fact that they are both detained at Guantanamo, detainees or prisoners could purport to bring mass habeas corpus petitions simply by being able to list the identities of those detained

personal information about the detainees on whose behalf habeas relief is sought indicates that

the purported next friends do not share any meaningful relationship with these detainees and,

therefore, cannot be determined to be acting in their best interests.  See Ahmed v. Bush, No. 05-

CV-0665 (RWR) (Order dated May 24, 2005) (dkt. no. 12) ("The petition does not provide basic

personal facts about Ahmed, such as his citizenship, his age, whether he is married or has a

family, the place of his arrest or capture, and the places of detention, if any, prior to his being

transported to Guantanamo Bay.  The absence of such facts leaves the impression that Hassen

does not know even this much about Ahmed and his situation."); Hamlily v. Bush, No. 05-CV-

0763 (JDB) (Order dated October 3, 2005) (dkt. no. 16) ("The Court notes the total lack of any

basic facts about Hamlily in the petition or other filings in this case -- most notably, the absence

of any details concerning Hamlily's individual conditions of confinement (in contrast to the

detainee population at large), including interrogations of Hamlily, inadequacies in his diet or

medical care, or restrictions on, or interference with, the practice of his religion.  This lack of

necessary factual information suggests that Aamer does not have a 'significant relationship' with

Hamlily.").  Because even acquaintances cannot satisfy the requirement of a significant

relationship under Whitmore, and the minimal information presented in the petition indicates that

the purported next friends merely know of another detainee or, at best, are mere acquaintances

with the detainees on whose behalf they seek habeas relief, the individuals have failed to

demonstrate that they are "truly dedicated to the [detainees'] best interests."  Whitmore, 495 U.S.

at 163.  Absent proof that evidences a significant relationship, petitioners cannot demonstrate

---

alongside them, a situation that is surely inconsistent with standing jurisprudence.

proper next friend standing, and the Court cannot exercise jurisdiction over the petition in the above-captioned case.[8]

In addition to the jurisdictional defect arising out of the lack of a significant relationship between the purported next friend and the party in interest, the phenomenon of detainees filing petitions purportedly on behalf of other detainees about whom they have little knowledge presents the practical difficulty of identifying the detainees for whom habeas relief is sought. Given the similar names or aliases of many of the approximately 500 individuals detained at Guantanamo Bay, it is often difficult, if not impossible, to correctly identify detainees based on the minimal information provided in the petitions. Respondents are often left trying to guess at a detainee's identity. Indeed, respondents have yet to identify about two dozen purported petitioners as individuals presently detained at Guantanamo Bay, despite having requested additional information from these petitioners' counsel. Moreover, there have already been two instances in which respondents incorrectly identified petitioners in the Guantanamo Bay detainee cases; errors which, unfortunately, were not discovered until counsel visited and interviewed these detainees at Guantanamo Bay. Requiring petitions to be filed either through direct authorization by the detainees on whose behalf habeas relief is sought, or through individuals

---

[8] Over 135 detainees at Guantanamo Bay have filed petitions for writ of habeas corpus through family members who arguably meet the "significant relationship" requirement. See, e.g., Hatim v. Bush, No. 05-CV-1429 (RMU) (filed on behalf of two detainees by their siblings, Fatima Nasser Yahia Abdullah Kussrof and Ali Mohammed Saleh Al-Salahi); Rabbani v. Bush, No. 05-CV-1607 (JR) (filed on behalf of two detainees by their wives, Malika and Fouzia Ahmmed); Sadkhan v. Bush, No. 05-CV-1679 (RJL) (filed on behalf of detainee by his father, Jabbar Sadkhan Al-Sahlani).

who can demonstrate a significant relationship with the detainees, would diminish the identification issues that have plagued the parties in the Guantanamo detainee litigation thus far.[9]

In sum, the petition in the above-captioned case fails to satisfy the standing requirements articulated by the Supreme Court in Whitmore. If petitioners are unable to demonstrate that the petition was filed by legitimate next friends, the Court cannot exercise jurisdiction over the petition, and the case must be dismissed for lack of standing.

**II.      If the Court Does Not Dismiss the Above-Captioned Case, It Should be Stayed Pending Resolution of the Appeals of Decisions in the Other Guantanamo Detainee Cases Adjudicating Common Issues.**

If the Court finds that the petition in the above-captioned case was filed by legitimate next friends,[10] the Court should stay proceedings in this case pending the resolution of the appeals in Khalid, Boumediene and In re Guantanamo Detainee Cases, which will determine whether and how this case should proceed.

---

[9] In addition, the phenomenon of detainees purporting to act as next friends results in counsel improperly abusing the next friend device in order merely to solicit the Guantanamo detainee population for clients, while in the meantime seeking various forms of relief with respect to anyone a purported next friend detainee, such as Mr. Kabir, can remember having come in contact with.

[10] Even if the Court finds that petitioners have established next friend standing so that the Court can exercise jurisdiction over the petition, the next friends should not be permitted to serve in this capacity beyond the time when counsel are permitted to meet with the detainees for whom habeas relief is sought. See Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba in In re Guantanamo Detainee Cases, No. 02-CV-0299, et al. (D.D.C. Nov. 8, 2004), § III.C. (attached hereto as Exhibit B) (permitting counsel two visits with a detainee before an authorization of representation by the detainee must be provided to respondents). At that time, counsel should determine these detainees' wishes concerning pursuing a challenge to their detention through the habeas petitions in these cases, such that the cases can then either be converted into direct petitions or be dismissed.

On January 19, 2005, Judge Leon granted respondents' motion to dismiss or for judgment in its entirety, concluding that constitutional protections do not extend to aliens outside sovereign United States territory, such as petitioners, and that petitioners also have no viable claims under U.S. statutory law or international law or treaties.  See Khalid v. Bush, No. 04-CV-1142 (RJL), Boumediene v. Bush, No. 04-CV-1166 (RJL), 355 F. Supp. 2d 311 (D.D.C. 2005).  The Khalid and Boumediene cases are currently on appeal to the D.C. Circuit.  See Nos. 05-5062, 05-5063 (D.C. Cir.).

On January 31, 2005, Judge Green entered an order (and memorandum opinion) in eleven other of the pending Guantanamo Bay detainee cases[11] denying in part and granting in part respondents' motion to dismiss or for judgment as a matter of law.  See Memorandum Opinion Denying in Part and Granting in Part Respondents' Motion to Dismiss or for Judgment as a Matter of Law in In re Guantanamo Detainee Cases, No. 02-CV-0299, et al., 355 F. Supp. 2d 443 (D.D.C. 2005).  Contrary to the prior decision of Judge Leon, Judge Green, inter alia, determined that procedural "due process" protections apply to aliens detained at Guantanamo Bay and that the Combatant Status Review Tribunal proceedings the military has used to confirm detainees' status as enemy combatants do not satisfy these due process requirements.  Id. at 453-78. Further, in her decision, Judge Green agreed with the decision of Judge Robertson in Hamdan v. Rumsfeld, 344 F. Supp. 2d 152, 165 (D.D.C. 2004), rev'd, 415 F.3d 33 (D.C. Cir. 2005), and

---

[11] Hicks v. Bush, No. 02-CV-0299 (CKK); Al Odah v. United States, No. 02-CV-0828 (CKK); Habib v. Bush, No. 02-CV-1130 (CKK); Kurnaz v. Bush, No. 04-CV-1135 (ESH); O.K.v. Bush, No. 04-CV-1136 (JDB); Begg v. Bush, No. 04-CV-1137 (RMC); El-Banna v. Bush, No. 04-CV-1144 (RWR); Gherebi v. Bush, No. 04-CV-1164 (RBW); Anam v. Bush, No. 04-CV-1194 (HHK); Almurbati v. Bush, No. 04-CV-1227 (RBW); and Abdah v. Bush, No. 04-CV-1254 (HHK).

concluded that the Third Geneva Convention is "self-executing" and can provide petitioners with a claim in a habeas action.[12]  355 F. Supp. 2d at 478-80.  Judge Green, however, dismissed petitioners' remaining constitutional, statutory, international law, and treaty claims.  Id. at 480-81.

Judge Green noted that her January 31, 2005 decision on respondents' motion to dismiss or for judgment "technically applie[d] only to the eleven cases contained in the [opinion's] caption," but the Court nevertheless acknowledged that the opinion "addresse[d] issues common" to eight other Guantanamo Bay detainee cases that had been filed during or after the briefing and oral argument that resulted in the Court's opinion.[13]  See id. at 452 & n.15.

On February 3, 2005, respondents filed a motion seeking certification of the January 31, 2005 order for interlocutory appeal and filed a motion to stay all the Guantanamo Bay detainee cases pending at that time, consistent with the need for these cases to proceed in a coordinated fashion.  Thus, the motion was filed as a motion for certification of order for interlocutory appeal and for a stay in the eleven cases in which the January 31, 2005 order was entered, and was filed by respondents solely as a motion to stay in the other then-pending cases.  Judge Green certified her January 31, 2005 decision on respondents' motion to dismiss or for judgment for appeal and stayed proceedings in the eleven cases in which the January 31, 2005 order was entered, "for all purposes pending resolution of all appeals."  Judge Green left the decision whether to stay cases

---

[12]  The D.C. Circuit held in Hamdan that the Third Geneva Convention does not give rise to claims enforceable in court.  See Hamdan, 415 F.3d at 40.

[13]  Belmar v. Bush, No. 04-CV-1897 (RMC); Al-Qosi v. Bush, No. 04-CV-1937 (PLF); Paracha v. Bush, No. 04-CV-2022 (PLF); Al-Marri v. Bush, No. 04-CV-2035 (GK); Zemiri v. Bush, No. 04-CV-2046 (CKK); Deghayes v. Bush, No. 04-CV-2215 (RMC); Mustapha v. Bush, No. 05-CV-22 (JR); Abdullah v. Bush, No. 05-CV-23 (RWR).

other than the eleven to the individual judges in those cases.  <u>See</u> Order Granting in Part and

Denying in Part Respondents' Motion for Certification of Jan. 31, 2005 Orders and for Stay in <u>In</u>

<u>re Guantanamo Detainee Cases</u> (Feb. 3, 2005) (Green, J.).

Various petitioners in the eleven cases sought reconsideration of Judge Green's stay

order, arguing that the Court should permit factual development and proceedings regarding

detainee living conditions to go forward.  <u>See</u>, <u>e.g.</u>, Petrs' Motion for Reconsideration of Order

Granting Stay Pending Appeal at 9-10 (dkt. no. 203 in <u>Al Odah</u>, No. 02-CV-0828 (CKK)).  Judge

Green, however, denied the motion for reconsideration

> in light of the substantial resources that would be expended and the
> significant burdens that would be incurred should this litigation go
> forward, and . . . [in] recognition that a reversal of the Court's
> January 31, 2005 rulings would avoid the expenditure of such
> resources and incurrence of such burdens . . . .

<u>See</u> Order Denying Motion for Reconsideration of Order Granting Stay Pending Appeal in <u>In re</u>

<u>Guantanamo Detainee Cases</u>, No. 02-CV-0299, <u>et al.</u>, 355 F. Supp. 2d 482 (D.D.C. 2005)

(Green, J.).

On February 9, 2005, pursuant to Judge Green's certification, respondents filed a petition

for interlocutory appeal of the January 31, 2005 decision with the D.C. Circuit, <u>see</u> 28 U.S.C.

§ 1292(b), and requested that the appeal proceed on an expedited basis.  Further, petitioners in

the eleven cases subject to Judge Green's decision filed a cross-petition for interlocutory appeal

with the D.C. Circuit and petitioners in <u>Al-Odah</u> appealed Judge Green's stay order.  On March

10, 2005, the D.C. Circuit accepted the interlocutory appeal.  In addition, as noted above,

petitioners in <u>Khalid</u> and <u>Boumediene</u> appealed Judge Leon's decision.  Oral argument in both

appeals was held on September 8, 2005.

In light of these pending appeals, several of the cases pending at the time of Judge

Green's decision, but that Judge Green did not stay, have been stayed pending appeal.  See

Paracha, No. 04-CV-2022 (PLF) (dkt. no. 49); Al Marri, No. 04-CV-2035 (GK) (dkt. no. 26);

Zemiri, No. 04-CV-2046 (CKK) (dkt. no. 32); Deghayes, No. 04-CV-2215 (RMC) (dkt. no. 7);

Mustapha, No. 05-CV-22 (JR) (dkt no. 7); Abdullah, No. 05-CV-23 (RWR) (dkt. no. 16).  As

Judge Kessler stated in her stay order in Al Marri,

> The opinions resolving Judge Leon's and Judge Green's cases
> encompass and discuss many of the precise issues raised in
> Respondents' Motion [to Stay]. Thus, until the Court of Appeals
> addresses these issues, the law in this Circuit is unsettled, since
> Judge Green and Judge Leon reached different conclusions about
> many of the issues before them. Requiring this case to proceed
> before appellate resolution of those cases therefore would involve
> an unnecessary expenditure of judicial resources.

Order dated March 8, 2005 in Al-Marri, No. 04-CV-2035 (GK), at 2.

Since February 3, 2005 – the date respondents moved to stay all of the Guantanamo Bay

detainee cases pending at that time – over 135 new petitions, involving approximately 220

petitioners, have been filed.  Respondents have filed motions to stay proceedings in these new

cases for the reasons stated herein, and several Judges of this Court have stayed proceedings in

the cases pending before them.[14]

_____

[14]  See Al Mohammed v. Bush, No. 05-CV-0247 (HHK) (dkt. no. 18); El-Mashad v. Bush, No. 05-CV-0270 (JR) (dkt. no. 29); Al-Adahi v. Bush, No. 05-CV-0280 (GK) (dkt. no. 35); Al Joudi v. Bush, No. 05-CV-0301 (GK) (dkt. no. 26); Al-Wazan v. Bush, No. 05-CV-0329 (PLF) (dkt. no. 15); Al-Anazi v. Bush, No. 05-CV-0345 (JDB) (dkt. no. 21); Alhami v. Bush, No. 05-CV-0359 (GK) (dkt. no. 20); Ameziane v. Bush, No. 05-CV-0392 (ESH) (dkt. no. 12); Sliti v. Bush, No. 05-CV-0429 (RJL) (dkt. no. 8); M.C. v. Bush, No. 05-CV-0430 (ESH) (dkt. no. 10); Kabir v. Bush, No. 05-CV-0431 (RJL) (dkt. no. 10); Qayed v. Bush, No. 05-CV-0454 (RMU) (dkt. no. 4); Al-Shihry v. Bush, No. 05-CV-0490 (PLF) (dkt. no. 14); Aziz v. Bush, No. 05-CV-492 (JR) (dkt. no. 16); Qassim v. Bush, No. 05-CV-0497 (JR) (dkt. no. 14); Al-Oshan v. Bush, No. 05-CV-0520 (RMU) (dkt. no. 12); Tumani v. Bush, No. 05-CV-0526 (RMU) (dkt. no.

If the Court finds that the above-captioned case has been filed by legitimate next friends,

the case should nevertheless be stayed pending the appeals of the other Guantanamo Bay detainee

---

5); <u>Al-Oshan v. Bush</u>, No. 05-CV-0533 (RJL) (dkt. no. 6); <u>Al Shamri v. Bush</u>, No. 05-CV-0551 (RWR) (dkt. no. 10); <u>Salahi v. Bush</u>, No. 05-CV-0569 (JR) (dkt. no. 8); <u>Mammar v. Bush</u>, No. 05-CV-0573 (RJL) (dkt. no. 5); <u>Al-Sharekh v. Bush</u>, No. 05-CV-0583 (RJL) (dkt. no. 9); <u>Magram v. Bush</u>, No. 05-CV-0584 (CKK) (dkt. no. 9); <u>Al Rashaidan v. Bush</u>, No. 05-CV-0586 (RWR) (dkt. no. 10); <u>Mokit v. Bush</u>, No. 05-CV-0621 (PLF) (dkt. no. 13); <u>Al Daini v. Bush</u>, No. 05-CV-0634 (RWR) (dkt. no. 10); <u>Ahmed v. Bush</u>, No. 05-CV-0665 (RWR) (dkt. no. 16); <u>Battayav v. Bush</u>, No. 05-CV-0714 (RBW) (dkt. no. 12); <u>Adem v. Bush</u>, No. 05-CV-0723 (RWR) (dkt. no. 13); <u>Hamlily v. Bush</u>, No. 05-CV-0763 (JDB) (dkt. no. 10); <u>Imran v. Bush</u>, No. 05-CV-0764 (CKK) (dkt. no. 6); <u>Al Habashi v. Bush</u>, No. 05-CV-0765 (EGS) (Minute Order dated September 23, 2005); <u>Al Hamamy v. Bush</u>, No. 05-CV-0766 (RJL) (dkt. no. 6); <u>Hamoodah v. Bush</u>, No. 05-CV-0795 (RJL) (dkt. no. 13); <u>Rahmattullah v. Bush</u>, No. 05-CV-0878 (CKK) (dkt. no. 3); <u>Mohammed v. Bush</u>, No. 05-CV-0879 (RBW) (dkt. no. 4); <u>Nasrat v. Bush</u>, No. 05-CV-0880 (ESH) (dkt. no. 4); <u>Slahi v. Bush</u>, No. 05-CV-0881 (RWR) (dkt. no. 5); <u>Bostan v. Bush</u>, No. 05-CV-0883 (RBW) (dkt. no. 4); <u>Chaman v. Bush</u>, No. 05-CV-0887 (RWR) (dkt. no. 7); <u>Gul v. Bush</u>, No. 05-CV-0888 (CKK) (dkt. no. 3); <u>Basardh v. Bush</u>, No. 05-CV-0889 (ESH) (dkt. no. 4); <u>Nasrullah v. Bush</u>, No. 05-CV-0891 (RBW) (dkt. no. 4); <u>Shaaban v. Bush</u>, No. 05-CV-0892 (CKK) (dkt. no. 3); <u>Sohail v. Bush</u>, No. 05-CV-0993 (RMU) (dkt. no. 3); <u>Tohirjanovich v. Bush</u>, No. 05-CV-0994 (JDB) (dkt. no. 4); <u>Al Karim v. Bush</u>, No. 05-CV-0998 (RMU) (dkt. no. 3); <u>Al-Khalaqi v. Bush</u>, No. 05-CV-0999 (RBW) (dkt. no. 3); <u>Kahn v. Bush</u>, No. 05-CV-1001 (ESH) (dkt. no. 3); <u>Mangut v. Bush</u>, No. 05-CV-1008 (JDB) (dkt. no. 2); <u>Hamad v. Bush</u>, No. 05-CV-1009 (JDB) (dkt. no. 4); <u>Khan v. Bush</u>, No. 05-CV-1010 (RJL) (dkt. no. 3); <u>Ali Shah v. Bush</u>, No. 05-CV-1012 (ESH) (dkt. no. 3); <u>Salaam v. Bush</u>, No. 05-CV-1013 (JDB) (dkt. no. 2); <u>Al-Hela v. Bush</u>, No. 05-CV-1048 (RMU) (dkt. no. 12); <u>Zalita v. Bush</u>, No. 05-CV-1220 (RMU) (dkt. no. 3); <u>Abdulzaher v. Bush</u>, No. 05-CV-1236 (RWR) (dkt. no. 12); <u>Aminullah v. Bush</u>, No. 05-CV-1237 (ESH) (dkt. no. 3); <u>Ghalib v. Bush</u>, No. 05-CV-1238 (CKK) (dkt. no. 3); <u>Pirzai v. Bush</u>, No. 05-CV-1242 (RCL) (dkt. no. 4); <u>Peerzai v. Bush</u>, No. 05-CV-1243 (RCL) (dkt. no. 4); <u>Alsawam v. Bush</u>, No. 05-CV-1244 (CKK) (dkt. no. 3); <u>Mohammadi v. Bush</u>, No. 05-CV-1246 (RWR) (dkt. no. 7); <u>Ullah v. Bush</u>, No. 05-CV-1311 (RCL) (dkt. no. 5); <u>Mohammed v. Bush</u>, No. 05-CV-1347 (GK) (dkt. no. 7); <u>Saib v. Bush</u>, No. 05-CV-1353 (RMC) (Minute Order dated August 1, 2005); <u>Hatim v. Bush</u>, No. 05-CV-1429 (RMU) (dkt. no. 16); <u>Al-Subaiy v. Bush</u>, No. 05-CV-1453 (RMU) (dkt. no. 14); <u>Dhiab v. Bush</u>, No. 05-CV-1457 (GK) (Minute Order dated August 29, 2005); <u>Faizullah v. Bush</u>, No. 05-CV-1489 (RMU) (dkt. no. 3); <u>Faraj v. Bush</u>, No. 05-CV-1490 (PLF) (dkt. no. 11); <u>Ahmad v. Bush</u>, No. 05-CV-1492 (RCL) (dkt. no. 3); <u>Amon v. Bush</u>, No. 05-CV-1493 (RBW) (dkt. no. 3); <u>Kiyemba v. Bush</u>, No. 05-CV-1509 (RMU) (dkt. no. 8); <u>Attash v. Bush</u>, No. 05-CV-1592 (RCL) (dkt. no. 12); <u>Mamet v. Bush</u>, No. 05-CV-1602 (ESH) (dkt. no. 9); <u>Akhtiar v. Bush</u>, No. 05-CV-1635 (PLF) (dkt. no. 10).

cases.[15]  The petition in this case raises legal issues that were squarely addressed by the opinions

in In re Guantanamo Detainee Cases, Khalid, and Boumediene and that are raised in the appeals,

including:  (1) whether the petitioners have stated valid claims under the Fifth Amendment to the

United States Constitution and, if so, whether the procedures implemented by respondents to

determine the status of petitioners violate their Fifth Amendment rights; (2) whether the

petitioners have stated valid claims under the Third Geneva Convention;[16] and (3) whether the

petitioners have stated valid claims based on various other legal theories, including other

---

[15]  The Court has the authority to stay proceedings in habeas cases, even prior to the filing of a response.  Pursuant to the Rules Governing Section 2254 Cases in the United States District Courts (the "2254 Rules"), which are applicable to petitions for writ of habeas corpus other than those arising under 28 U.S.C. § 2254, such as the petitions in these cases, see 2254 Rule 1(b), a court may extend the deadline for responses to habeas petitions beyond the time limits set forth in 28 U.S.C. § 2243 — the 2254 Rules do not indicate a fixed deadline for responding to habeas petitions, and they supersede the time limits set forth in 28 U.S.C. § 2243.  Rule 4 provides that "the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order. . . ."  See also Bleitner v. Welborn, 15 F.3d 652, 653-54 (7th Cir. 1994) ("[T]he Rules Governing Section 2254 Cases in the United States District Courts, which have the force of a superseding statute, 28 U.S.C. § 2072(b) . . . loosened up the deadline for responses.  Rule 4 leaves it up to the district court to fix the deadline."); Castillo v. Pratt, 162 F. Supp. 2d 575, 577 (N.D. Tex. 2001) (denying § 2241 petitioner's request for expedited consideration because "[t]he discretion afforded by Rule 4 of the 2254 Rules "prevails" over the strict time limits of 28 U.S.C. § 2243"); Kramer v. Jenkins, 108 F.R.D. 429, 431 (N.D. Ill. 1985) (denying § 2241 petitioner's motion for correction of court scheduling order because "in the conflict between Rule 4 of the 2254 Rules and 28 U.S.C. § 2243, Rule 4 must prevail").  Furthermore, the 2254 Rules have provided courts with the discretion to consider the burdens involved in filing responses to habeas petitions when implementing case management schedules.  See Advisory Committee Notes to 2254 Rules; see also Lonchar v. Thomas, 517 U.S. 314, 325 (1996) (stating that the 2254 Rules confer "ample discretionary authority" on district courts "to tailor the proceedings" in habeas cases).  See also Landis v. North American Co., 299 U.S. 248, 254-55 (1936) ("The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."); id. at 256 (noting propriety of stay in cases "of extraordinary public moment").

[16]  See note 12, supra.

Constitutional provisions, other international treaties, Military regulations, the Administrative

Procedure Act, the Alien Tort Statute, and customary international law.  It makes no sense for

proceedings related to the merits of this case, such as the submission of factual returns in

response to an order to show cause regarding the issuance of a writ of habeas corpus, to go

forward when decisions from the D.C. Circuit on the related Guantanamo detainee appeals,

which are proceeding in an expedited fashion, will determine the legal analyses applicable to this

case and, indeed, whether and how this case should proceed.  Thus, if the petition is not

dismissed for lack of proper next friend standing, the Court should hold all proceedings in this

case in abeyance pending the outcome of the appeals of decisions by Judges of this Court in the

other Guantanamo Bay detainee cases.[17]

---

[17]  In seeking a stay to the extent the next friend petitioners are determined to satisfy the applicable requirements, however, respondents do not intend thereby to block counsel access to properly represented petitioners.  To that end, if proper next friend standing is found, respondents would not object to entry of the protective order previously entered in other Guantanamo detainee cases, along with appropriate supplementary orders, to permit such access.  See Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba in In re Guantanamo Detainee Cases, No. 02-CV-0299, et al. (D.D.C. Nov. 8, 2004) (attached as Exhibit B); Order Supplementing and Amending Filing Procedures Contained in November 8, 2004 Amended Protective Order in In re Guantanamo Detainee Cases, No. 02-CV-0299, et al. (D.D.C. Dec. 13, 2004) (attached as Exhibit C); Order Addressing Designation Procedures for "Protected Information" in In re Guantanamo Detainee Cases, No. 02-CV-0299, et al. (D.D.C. Nov. 10, 2004) (attached as Exhibit D).  Respondents' lack of objection to entry of these orders in a properly filed case, however, is without prejudice to their right to challenge any particular terms of these orders in any future proceedings as appropriate.

## CONCLUSION

For the reasons stated, the Court should order petitioners to show cause why this case should not be dismissed for lack of proper next friend standing.  If petitioners are able to establish proper standing, the Court should stay further proceedings in this case, except as noted above, pending resolution of the appeals of Judge Leon's decision in <u>Khalid</u> and <u>Boumediene</u> and Judge Green's January 31, 2005 decision in <u>In re Guantanamo Detainee Cases</u>.


Dated: October 4, 2005                    Respectfully submitted,

                                          PETER D. KEISLER
                                          Assistant Attorney General

                                          KENNETH L. WAINSTEIN
                                          United States Attorney

                                          DOUGLAS N. LETTER
                                          Terrorism Litigation Counsel

                                          ___/s/ Preeya M. Noronha_____
                                          JOSEPH H. HUNT (D.C. Bar No. 431134)
                                          VINCENT M. GARVEY (D.C. Bar No. 127191)
                                          TERRY M. HENRY
                                          JAMES J. SCHWARTZ
                                          PREEYA M. NORONHA
                                          ROBERT J. KATERBERG
                                          NICHOLAS J. PATTERSON
                                          ANDREW I. WARDEN
                                          EDWARD H. WHITE
                                          Attorneys
                                          United States Department of Justice
                                          Civil Division, Federal Programs Branch
                                          20 Massachusetts Ave., N.W.  Room 7144
                                          Washington, DC  20530
                                          Tel:  (202) 514-4107
                                          Fax:  (202) 616-8470

                                          Attorneys for Respondents

- 20 -