IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

---

AYOUB HAJI MAMET, *et al.*

               Petitioners,

               v.

GEORGE W. BUSH, *et al.*

               Respondents.

C.A. No. 05-CV-01886 (JR)

Hon. James Robertson

**PETITIONERS' OPPOSITION TO RESPONDENTS' OBJECTION TO PETITIONERS' RELATED CASE DESIGNATION**

---

       Petitioners filed the instant Petition on September 23, 2005 and designated their case as related, pursuant to LCvR 40.5(a)(3), to *Qassim v. Bush*, C.A. No. 05-CV-0497 (JR) (D.D.C.). Respondents have objected to Petitioners' designation, arguing that the designation is "potentially misleading in that it singles out one . . . case . . . as if it were the primary or lead case of all Guantanamo Bay detainee habeas cases" and that "no principled reason exists for elevating *Qassim* to the most prominent position in this manner." *See* Respondents' Objection to Petitioners' Related Case Designation ("Respondents' Objection"), p. 1. Respondent's generic objections ignore the specific facts of this case.

       Petitioners designated their case as related to *Qassim* because the two cases share a unique factual and legal nexus – one that is not shared by any other pending detainee case. Like the *Qassim* petitioners, Petitioners here are Uighurs, a Turkic Muslim minority group originating in China, and are among a small subset of Guantánamo detainees whom the Government has determined are not enemy combatants. Petition, ¶¶ 4-5. Apart from *Qassim*,

we are unaware of any other pending action involving Uighurs whom the Government does not allege are enemy combatants but who nevertheless remain indefinitely detained in Guantánamo.

The assignment of this case, as it stands, is entirely proper. Local Rule 40.5(a)(3) provides that "cases are deemed related when the earliest is still pending on the merits in the District Court and they…(ii) involve common issues of fact, or (iii) grow out of the same event or transaction.…" The exception articulated in 40.5(a)(3) to the general rule favoring the random assignment of cases is grounded in considerations of judicial economy. "It will often prove wasteful of time and resources for two judges to be handling cases that are so related that they involve common factual issues or grow out of the same event or transaction." *Tripp v. Executive Office of President*, 196 F.R.D. 201, 202 (D.D.C. 2000). The rationale underlying the exception is readily discernible here.

The situation faced by Uighur detainees in Guantánamo is unique. Like the *Qassim* petitioners, Petitioners Ayoub Haji Mamet, Ahmad Doe and Aktar Doe were present in Afghanistan after the United States began military operations in that country in October 2001. They did not take up arms against U.S. forces, and did not support forces hostile to or engaged in armed conflict with the United States. Petitioners fled Afghanistan, eventually making their way to Pakistan with a large number of other refugees, including the *Qassim* petitioners. In Pakistan, Petitioners were detained by Pakistani authorities and eventually turned over to the U.S. military, along with the *Qassim* petitioners. The United States paid a $5,000 bounty for each Petitioner, as it did for each of the *Qassim* petitioners. Petition, ¶ 13. A Combatant Status Review Tribunal ("CSRT") subsequently determined that Petitioners were "no longer" enemy combatants (referred to as "NLECs" by Respondents' counsel), a designation that was also conferred on the *Qassim* petitioners. Petition, ¶ 41.

KL3:2469877.2

As the Court recognized in *Qassim*, none of the Uighur detainees in Guantánamo can be returned to China because they would almost certainly face persecution there. *Qassim v. Bush*, 382 F.Supp. 2d 126, 128 (D.D.C. 2005). Press reports indicate that the Government has tried, thus far unsuccessfully, to convince a third country to take in the Uighurs from Guantánamo. Demetri Sevastopulo, *Uighurs face return to China from Guantanamo*, FIN. TIMES, March 16, 2005, at 14. These reports suggest the Government's tacit acknowledgment that a collective solution to the unique predicament faced by the Uighur detainees is necessary and appropriate.

Respondents' Objection does not address, much less contest, the obvious factual nexus between the instant case and *Qassim*. The interests of judicial economy and consistency of treatment for these similarly situated detainees necessitate that one judge hear all of their cases, a reality that Petitioners essentially concede by failing to mount a specific, fact-based challenge.

Because the two cases arise from nearly identical facts, this case and *Qassim* raise the same legal issues – issues which are not raised by other pending detainee cases. Although in other cases Respondents may contend that the legal issues are identical to those raised in pending appeals of orders by Judge Green and Judge Leon in *In re Guantánamo Detainee Cases*, 355 F. Supp. 2d 443 (D.D.C. 2005), and *Khalid v. Bush*, 355 F. Supp. 2d 311 (D.D.C. 2005), this Court has previously noted, "[n]either of the twinned cases now pending before the Court of Appeals presents, or appears to have contemplated, the case of a detainee who has been through the CSRT process and declared no longer an enemy combatant." *Qassim*, 382 F. Supp. 2d at 128.

Accordingly, there is no basis for reassignment, and this Court is respectfully urged to maintain jurisdiction over these properly related cases.

Dated: October 7, 2005

Respectfully submitted,

Counsel for Petitioners:

/s/ Paul Schoeman
Paul Schoeman (Pursuant to LCvR 83.2(g))
J. Wells Dixon (Pursuant to LCvR 83.2(g))
Joel Taylor (Pursuant to LCvR 83.2(g))
Alison Sclater (Pursuant to LCvR 83.2(g))
Michael J. Sternhell (Pursuant to LCvR 83.2(g))
KRAMER LEVIN NAFTALIS & FRANKEL LLP
1177 Avenue of the Americas
New York, New York 10036
Tel: (212) 715-9100
Fax: (212) 715-8000

Barbara Olshansky (NY-0057)
Tina Monshipour Foster (Pursuant to LCvR 83.2(g))
Gitanjali S. Gutierrez (Pursuant to LCvR 83.2(g))
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, New York 10012
Tel: (212) 614-6439
Fax: (212) 614-6499