IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| AYOUB HAJI MAMET, *et al.*, | ) ) ) | |
| Petitioners, | ) ) | |
| v. | ) ) | Civil Action No. 05-CV-1886 (EGS) |
| GEORGE W. BUSH,<br>President of the United States,<br>*et al.*, | ) ) ) ) ) | |
| Respondents. | ) ) ) | |

**RESPONDENTS' RESPONSE TO PETITIONERS' NOTICE OF ADDITIONAL FACTS IN FURTHER OPPOSITION TO RESPONDENTS' MOTION FOR ORDER TO SHOW CAUSE AND IN FURTHER SUPPORT OF PETITIONERS' CROSS MOTION FOR <u>EXPEDITED ENTRY OF PROTECTIVE ORDER AND OTHER RELIEF</u>**

Respondents hereby submit this response to petitioners' notice of additional facts in further opposition to respondents' motion for order to show cause and in further support of petitioners' cross motion for expedited entry of protective order and other relief.

In their filing, petitioners presented evidence that the detainees for whom habeas relief is sought in this case, Ayoub Haji Mamet, Ahmad Doe, and Aktar Doe, desire the assistance of counsel in challenging the legality of their detention. <u>See</u> Pets' Notice, Ex. A (dkt. no. 17). Based on this evidence, respondents acknowledge that these detainees have directly authorized the above-captioned petition for writ of habeas corpus, rendering respondents' motion for order to show cause moot. Therefore, this case should proceed as a directly authorized petition, and

the purported "next friends," Usama Hasan Abu Kabir and Adel Abdul Hakim, should be dismissed as petitioners in this case.[1]

Even as a direct petition, however, the above-captioned case should nonetheless be stayed pending resolution of all appeals in Khalid v. Bush, Boumediene v. Bush, Nos. 04-CV-1142 (RJL), 04-CV-1166 (RJL), 355 F. Supp. 2d 311 (D.D.C. 2005), appeals docketed, Nos. 05-5062, 05-5063 (D.C. Cir. Mar. 2, 2005), and In re Guantanamo Detainee Cases, No. 02-CV-0299, et al., 355 F. Supp. 2d 443 (D.D.C. 2005), appeal on petition for interlocutory appeal, No. 05-5064 (D.C. Cir. Mar. 10, 2005).  Petitioners Ayoub Haji Mamet, Ahmad Doe, and Aktar Doe have been determined to no longer be enemy combatants ("NLECs") by the Combatant Status Review Tribunals ("CSRTs"), and thus respondents are actively engaged in efforts to determine appropriate destination countries so that the necessary arrangements can be made with those countries to enable petitioners to be released.  Even though they are now classified as NLECs, however, petitioners are foreign nationals who have no prior voluntary connection with or allegiance to the United States and who were previously held as enemy combatants.  Any issue of the substantive legal rights of an alien, wartime detainee-petitioner under the Constitution, treaties, or statutes regarding his detention, as well as the powers provided the courts through the habeas statute with respect to wartime detentions, would be the subject of and affected by resolution of the pending appeals in Khalid and In re Guantanamo Detainee Cases.  Such issues, thus, are properly the subject of a stay, and this is true regardless of whether an individual's

---

[1] See Order dated October 31, 2005 in Hamlily v. Bush, No. 05-CV-0763 (JDB) (discharging order to show cause and dismissing next friend petitioner based on evidence of direct authorization of the petition); Order dated December 16, 2005 in Zakirjan v. Bush, No. 05-CV-2053 (HHK) and Muhammed v. Bush, No. 05-CV-2087 (RMC) (same).

detention is expected to continue or respondents have already determined to release him as soon as the necessary arrangements for an appropriate destination country can be made.[2] Further proceedings would require the expenditure of significant judicial and other resources that may be avoided as a result of the appeals, and, in any event, such proceedings very likely would have to be revisited or relitigated once the appeals are decided and the Court of Appeals provides guidance regarding handling of the claims in all of the Guantanamo detainee cases.[3] Thus, the Court should stay this case pending the resolution of the appeals of Khalid and In re Guantanamo

---

[2] In opposing a stay in this case, petitioners rely heavily on proceedings before Judge Robertson regarding petitions for writ of habeas corpus filed on behalf of other Uighur detainees at Guantanamo Bay who have been determined to be NLECs.  See Qassim v. Bush, No. 05-CV-0497 (JR).  On December 22, 2005, however, Judge Robertson determined that "a federal court has no relief to offer" the petitioners in that case and denied their petition for writ of habeas corpus.  See Qassim v. Bush, No. 05-CV-0497 (JR) (Order and Memorandum Opinion dated December 22, 2005).  Petitioners have appealed Judge Robertson's December 22, 2005 Order to the Court of Appeals.  See Notice of Appeal in Qassim v. Bush, No. 05-CV-0497 (JR) (December 23, 2005).

[3] This stay should also apply with respect to the submission of factual returns.  The "new facts" presented in petitioners' notice regarding the direct authorization of the above-captioned petitions by the detainees for whom habeas relief is sought, see Pets' Notice at 4, do not lend any additional support to petitioners' request for the production of factual returns justifying the true cause of petitioners' detention, since such direct authorization does not alter the fact that respondents are no longer detaining petitioners as enemy combatants and plan to effect their release as soon as practicable.  See Respondents' Memorandum in Opposition to Petitioners' Cross Motion for Expedited Entry of Protective Order and Other Relief (dkt. no. 13) at 13-14.  Cf. Qassim v. Bush, No. 05-CV-0497 (JR) (Memorandum Opinion dated December 22, 2005) ("Here, however, there is no need for a hearing to resolve factual issues relating to the legality of petitioners' detention, for the government concedes that petitioners are NLECs.").  Similarly, petitioners' recitation of unsubstantiated media reports regarding respondents' alleged release of detainees "in direct response to court orders requiring them to disclose information about the detainees or otherwise justify the legal basis for a detainee's continuing imprisonment on the merits," Pets' Notice at 4-5, is inaccurate and misleading, and, in any event, does not provide any authority for the Court to grant the extraordinary injunctive relief of advance notice of transfer sought by petitioners.  See Resps' Opp. at 15-16.

Cases, except for entry of the Protective Order and related orders entered in other Guantanamo habeas cases, which will facilitate counsel access to the detainees.[4]

\* \* \*

For the reasons stated, the Court should dismiss next friend petitioners Usama Hasan Abu Kabir and Adel Abdul Hakim, and stay further proceedings in these cases, except as noted above, pending resolution of the appeals of Judge Leon's decision in Khalid and Boumediene and Judge Green's January 31, 2005 decision in In re Guantanamo Detainee Cases.

Dated: December 30, 2005

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

KENNETH L. WAINSTEIN
United States Attorney

DOUGLAS N. LETTER
Terrorism Litigation Counsel

---

[4] Now that petitioners have presented evidence that the detainees for whom habeas relief is sought have directly authorized the petitions filed on their behalf, the Commander, JTF-GTMO will consider counsel's request for telephone access to petitioners Ayoub Haji Mamet, Ahmad Doe, and Aktar Doe. See Petitioners' Cross Motion for Expedited Entry of Protective Order and Other Relief (dkt. no. 8). The Commander, JTF-GTMO will consider these requests on an individual, case-by-case basis, taking account of all appropriate factors. See Declaration of Brigadier General Jay W. Hood, ¶¶ 8-9 (attached as Exhibit E to Pets' Cross Motion). In other cases involving NLECs, reasonable requests for attorney-client telephone calls have been accommodated where appropriate, subject to suitable measures to address security-related concerns. In any event, however, telephone access to these detainees cannot occur until the Protective Order and related, supplementary orders entered in other Guantanamo habeas cases are made applicable to these cases, and counsel have been granted the appropriate security clearances and have otherwise complied with the Protective Order. See In re Guantanamo Detainee Cases, 344 F. Supp. 2d 174 (D.D.C. 2004).

   /s/ Preeya M. Noronha
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
TERRY M. HENRY
JAMES J. SCHWARTZ
PREEYA M. NORONHA
ROBERT J. KATERBERG
NICHOLAS J. PATTERSON
ANDREW I. WARDEN
EDWARD H. WHITE
MARC A. PEREZ
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W.  Room 7144
Washington, DC  20530
Tel:  (202) 514-4107
Fax:  (202) 616-8470

Attorneys for Respondents