**EXHIBIT**

[ORAL ARGUMENT SCHEDULED MAY 8, 2006]

IN THE UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

|  |  |
|---|---|
| ABU BAKKER QASSIM, et al., )<br>   Petitioners-Appellants )<br>   )<br>v. )<br>   )<br>GEORGE W. BUSH, et al., )<br>   Respondents-Appellees. )<br>   ) | No. 05-5477 |

**EMERGENCY MOTION TO DISMISS AS MOOT**

Pursuant to Rule 27 of the Federal Rules of Appellate Procedure and D.C. Circuit Rule 27(f), the Government moves to dismiss the above-captioned appeal as moot due to the release of petitioners from the Guantanamo Bay Naval Base. We are filing this as an emergency motion because the Court may wish to postpone or cancel the oral argument set for Monday, May 8, 2006.

1. As we explained in our appellee brief, the Executive Branch has engaged in extensive diplomatic efforts to transfer petitioners to an appropriate country where they will be released for resettlement and treated humanely. These efforts have faced strong diplomatic opposition. The strenuous diplomatic efforts of the United States have persisted, nonetheless, and have now come to fruition. *See* Declaration of Samuel M. Witten, Acting Director for the Department of State Office of War Crimes Issues, ¶ 2.

As a result of those extensive efforts, petitioners have now been released from the Guantanamo Naval Base and have traveled to Albania, a country in Europe with a substantial Muslim population. *See* Witten Declaration, ¶¶ 2-3. In Albania, petitioners are being processed and resettled as refugees, pursuant to that country's laws. *See Id.* ¶ 2. The Albanian Government has assured the United States that petitioners will be treated humanely, and that they will not be subject to involuntary transfer to their native country. *Id.* ¶ 3.

In Albania, petitioners are being provided food, clothing, financial assistance and telephone access. As applicants for refugee status, they will be free to travel around Albania. Once their refugee status is finalized, they will be free to apply for travel documents permitting travel abroad. *See* Witten Declaration, ¶ 2.

2. Given petitioners' release, this case is now moot. The relief petitioners' sought – release from custody – has now been effectuated. Thus, there is no more live case or controversy and the matter should be dismissed as moot.

3. Because of the timing of this motion (which could not be filed until petitioners' release had been effected), and because the Court may wish to postpone or cancel the oral argument set for Monday, May 8, in light of this motion, we are filing this as an emergency motion pursuant to D.C. Circuit Rule 27(f).

## CONCLUSION

For the reasons set forth above, the appeal should be dismissed as moot.

Respectfully submitted,

_____
DOUGLAS N. LETTER
 (202) 514-3602

_____
ROBERT M. LOEB
 (202) 514-4332
*Attorneys, Appellate Staff*
*Civil Division, Room 7268*
*U.S. Department of Justice*
*950 Pennsylvania Ave., N.W.*
*Washington, D.C. 20530-0001*

May 5, 2006

## CERTIFICATE OF SERVICE

I hereby certify that on May 5, 2006, I cause copies of the foregoing motion and declaration to be served upon the following counsel of record by electronic-mail, facsimile transmission and first-class mail:

> P. Sabin Willett
> Neil McGaraghan
> BINGHAM McCUTCHEN LLP
> 150 Federal Street
> Boston, MA 02110-1726

_____
Robert M. Loeb

I, Samuel M. Witten, pursuant to 28 U.S.C. § 1746, hereby declare and say as follows:

1. I am the Acting Director of the Department of State's Office of War Crimes Issues and have supervised this office since December 2005. In this capacity I advise the Secretary of State directly and help formulate the U.S. policy response to serious violations of the law of armed conflict committed in areas of conflict throughout the world. I have been a career member of the Senior Executive Service since March 1997. One of my responsibilities is to engage foreign governments regarding persons who have been captured in connection with the armed conflict with the Taliban and al Qaida and who are detained at the U.S. Naval Base at Guantanamo Bay, Cuba (hereinafter "Guantanamo"). In that capacity I hereby provide this report on the success of the diplomatic efforts made to resettle Petitioners-Appellants Abu Bakker Qassim and Adel Abdu' Al-Hakim (hereinafter "Petitioners"), Chinese nationals of Uighur ethnicity who were previously held under U.S. control at Guantanamo. I make these statements based upon my personal knowledge and upon information made available to me in the performance of my official duties.

2. Petitioners are no longer in the custody and control of the United States. On May 5, 2006, the United States released Petitioners, ethnic Uighur Chinese nationals, to Albania for resettlement there as refugees. While their refugee status is being processed, Petitioners are being housed at the National Accommodation Center for Asylum Seekers in Tirana, which is operated by the Albanian Interior Ministry in conjunction with the United Nations High Commission for Refugees. Petitioners are being provided food, clothing, financial assistance as appropriate, and telephone access, and can apply for a work permit should they wish to seek employment. As applicants for refugee status,

-2-

Petitioners are free to travel around Albania, and once refugee status has been granted will be free to apply for travel documents permitting overseas travel.

3. The State Department is satisfied that Albania's human rights record, specifically on torture, permits release of the ethnic Uighurs for resettlement there. Significantly, the United States has obtained credible assurances from Albania's government that Petitioners will not be involuntarily returned to the People's Republic of China, and will be treated humanely by the Government of Albania while in its jurisdiction. In addition, Albania is located in Europe, which Petitioners indicated in a letter to Secretary of State Condoleezza Rice dated January 19, 2006, was their preferred re-settlement destination. Albania also has a significant population of Muslims, easing Petitioners' cultural adjustment.

I declare under the penalty of perjury that the foregoing is true and correct.

Executed on 5 May 2006.

_____
Samuel M. Witten