IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AYOUB HAJI MAMET, et al., | ) ) ) |
| Petitioners, | ) ) |
| v. | ) ) Civil Action No. 05-CV-1886 (EGS) |
| GEORGE W. BUSH, President of the United States, *et al.,* | ) ) ) ) ) |
| Respondents. | ) ) ) |

**RESPONDENTS' OPPOSITION TO PETITIONERS'
RESPONSE TO ORDER TO SHOW CAUSE WHY
PETITION FOR HABEAS CORPUS SHOULD NOT BE DISMISSED**

In their response to this Court's Order to Show Cause why the petition for habeas corpus in this case should not be dismissed, petitioners' state they no longer seek habeas, declaratory or injunctive relief since they have been released from United States custody.  Pet's' Resp. at 1. Instead, petitioners' argue against dismissal as they "continue" to seek monetary damages as part of appropriate relief to which they claim they are entitled under the causes of action asserted in their petition.  Id.  Petitioners further seek leave to amend their petition to withdraw their habeas, declaratory and injunctive relief and "elaborate on the bases for their damages claims." Id.  This remedy sought by petitioner is inappropriate for several reasons.  First, petitioners never asserted a damages claim in their petition.  Second, even if some claim for damages exist, any claim brought at this juncture by petitioners against respondents, who are federal officials sued in their official capacity only, would be barred by sovereign immunity.  Third, to the extent petitioners seek to bring a claim under the Federal Tort Claims Act ("FTCA"), which provides a limited

waiver of sovereign immunity, petitioners have not only failed followed the necessary prerequisites to filing such a claim, but the FTCA does not waive sovereign immunity for any damages arising from the claims in the petition. The proper course here is dismissal of the petition, with any damages claims, if ever appropriate, left the subject of a subsequent lawsuit.

## ARGUMENT

As an initial matter, petitioners have asked leave of Court to amend their complaint to reflect what they believe are viable damages claims; however, they have not submitted a proposed amended complaint. Without a proposed amended complaint, respondents are forced to address petitioners issues in the abstract and cannot appropriately respond directly to any new claims raised by petitioners. Respondents submit that if the petition is not dismissed, which, as argued below, is the proper action at this stage, the next best course would be for petitioners to submit a formal motion for leave to amend with a proposed amended complaint, allowing respondents to focus its response to relevant issues. Indeed, the Local Rules require that a proposed amended complaint be submitted with a motion to amend. See L. Cv. R. 15.1.

    **A.**    **The Petition Never Asserts A Claim For Monetary Damages Against Respondents.**

Nonetheless, based only on the arguments raised in petitioners' response to the order to show cause, there are immediate flaws in petitioners' arguments to amend their petition to convert this case into one for damages. First, petitioners' allegations that their petition asserted a claim for damages is entirely without merit. One need only look at the title of the petition to determine the extent of relief sought by petitioners. It is a petition for writ of habeas corpus and a complaint seeking declaratory and injunctive relief. See Petition (dkt. no. 1). There is

absolutely no mention of damages in the title, in the petition itself or in the prayer for relief. To allow petitioners to seek damages at this juncture, based on the petition, would be improper.

Petitioners cite to a minute order in another Guantanamo Bay Detainee case as support for the proposition that even if a detainee is released from Guantanamo, an action for damages can proceed. See Pets' Resp. at 1, citing Minute Order, Al Rashaidan v. Bush, No. 05 CV 0586 (RWR) (July 5, 2006). However, the one sentence Minute Order gives no reasoning as to why that Court chose to discharge that petitioner's obligation to respond to the Order to Show Cause. There is no indication that the claims for damages were viable or of a basis for the habeas case to proceed. The petition in Al Rashaidan suffers the same shortcomings as the petition in the present case. Neither petition makes any mention of an intent to seek damages. Thus, the Minute Order in Al Rashaidan cannot be used to support petitioners' claims that their case can survive dismissal based on a newly conjured claim for damages.

    **B.**    **Petitioners Should Not Be Permitted to Amend to Assert Claims Barred By Sovereign Immunity or That Are Otherwise Improper.**

While not specifically alleging damages in their petition, petitioners' counsel asserts that their habeas corpus claims are now transformed into a suit for damages against respondents for alleged violations under the United States Constitution, the Alien Tort Statute ("ATS"), 28 U.S.C. § 1350, and the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 701-706, and that those claims survive the release of petitioners from United States custody. Pets' Resp. at 1. Of course, while petitioners seek to amend to assert claims against respondents, petitioners have not sued respondents in their individual capacity, but only in their official capacity.[1] See Petition

---

[1] If petitioners intend to sue respondents in their individual capacities, petitioners must first file a complaint asserting such claims and then effect personal service upon these

¶¶ 6-9. Any damages claims against respondents in their official capacity, however, would be subject to the bar of sovereign immunity. See Clark v. Library of Congress, 750 F.2d 89, 103-04 (D.C. Cir. 1984). Petitioners' claims are barred by sovereign immunity or are otherwise improper.

### 1. The ATS Does Not Waive Sovereign Immunity.

The United States is subject to suit only to the extent that it has explicitly waived its sovereign immunity. Dep't of the Army v. Blue Fox, Inc., 525 U.S. 255, 260 (1999). In other words, the Court has jurisdiction over petitioners' ATS claims against the United States only if a waiver is provided either in the ATS or elsewhere. Id. The D.C. Circuit has squarely held, however, that "[t]he [ATS] itself does not provide a waiver of sovereign immunity." Industria Panificadora, S.A. v. United States, 957 F.2d 886, 887 (D.C. Cir.) (1992) (per curiam); see also Goldstar (Panama) S.A. v. United States, 967 F.2d 965, 968 (4th Cir. 1992); Sanchez-Espinoza v. Reagan, 770 F.2d 202, 207 (D.C. Cir. 1985); Canadian Transp. Co. v. United States, 663 F.2d 1081, 1082 (D.C. Cir. 1980). Accordingly, any claim for damages by petitioners against respondents under the ATS would be barred by sovereign immunity.

### 2. The APA Does Not Waive Sovereign Immunity.

The APA only waives the government's immunity from suits challenging administrative agency action and seeking relief other than money damages. It provides as follows:

> An action . . . seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States.

---

individuals, which, to date, has not been done.

5 U.S.C. § 702. Thus, the very terms of the APA do not waive sovereign immunity for monetary damages claims, and petitioners cannot support continuation of this suit to assert a claim for monetary damages under the APA.

      3.    <u>Petitioners' Constitutional Claims Against Respondents for Damages are Barred by Sovereign Immunity</u>.

A claim for damages by petitioners under the Constitution also would be barred by sovereign immunity. The Constitution does not waive the federal government's sovereign immunity in a suit for damages. <u>See</u> <u>Garcia v. United States</u>, 666 F.2d 960, 966 (5th Cir. 1982); <u>United States v. Timmons</u>, 672 F.2d 1373, 1380 (11th Cir. 1982) (Fifth Amend.).[2]

      4.    <u>Petitioners Cannot Bring a Claim Under the Federal Tort Claims Act.</u>

In the area of tort claims against the Government, Congress has consented to suit for such claims, but has forbidden relief on such claims such as is sought by petitioners. The Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346(b), 2671-2680, grants consent to suit, <u>i.e.</u>, provides a waiver of sovereign immunity, for claims against the Government for torts committed by federal employees acting within the scope of their employment.[3] The FTCA's consent to suit, however, is subject to a number of express and implicit limitations, exceptions and exclusions that bar any potential tort claims by petitioners.

As an initial matter, important procedural limitations of the FTCA prevent petitioners

---

[2] Even with respect to claims of constitutional violations by officials in their individual capacities pursuant to <u>Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388, 397 (1971), this Court has recently held that such claims by former Guantanamo detainees are not appropriate. <u>See</u> <u>Rasul v. Rumsfeld</u>, 414 F. Supp. 2d 26, 40-44 (D.D.C. 2006), <u>on appeal</u>, No. 06-5209 (D.C. Cir.).

[3] The FTCA does not, however, waive the United States sovereign immunity with respect to constitutional torts. <u>FDIC v. Meyer</u>, 501 U.S. 471 (1994).

from asserting monetary damages. Section 2675(a) contains the following jurisdictional prerequisite to filing suit under the FTCA:

> An action shall not be instituted upon a claim against the United States for money damages for injury or loss of property or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency in writing and sent by certified or registered mail.

28 U.S.C. § 2675(a); see Simpkins v. District of Columbia Gov't, 108 F.3d 366, 371 (D.C. Cir. 1997) (holding the FTCA's requirement of filing an administrative complaint with the appropriate agency prior to instituting an action as jurisdictional, barring an FTCA suit until this requirement is exhausted). This process allows for a damages claim to be carefully considered by the agency to determine whether it is meritorious and whether any of the FTCA exceptions bar the claim. Id. Petitioners' in the present action have not presented their claims to any Federal agencies and, therefore, have failed to exhaust their administrative remedies. This demonstrates the impropriety of allowing petitioners to amend their habeas corpus petition to seek monetary damages against respondents.

In addition to establishing the jurisdictional prerequisites for a damages action under the FTCA, the FTCA expressly excludes from its waiver of sovereign immunity claims "arising out of combatant activities of the military . . . during time of war." See 28 U.S.C. 2680(j). Here, the military's detention of petitioners , initially, as enemy combatants or potential enemy combatants under the exercise of the President's Commander-in-Chief powers and authority under the Authorization for Use of Military Force, Pub. L. 107-40, §2(a), 115 Stat. 224 (2001), though petitioners were later classified as "no longer enemy combatants," during this ongoing war with

al Qaeda and its supporters is undoubtedly among "combatant activities" falling within the FTCA's exclusion.  See generally Koohi v. United States, 976 F.2d 1328, 1332-36 (9th Cir. 1982) (discussing § 2680(j) exception); Clark v. U.S., 974 F.Supp. 895, 898 (E.D. Tex 1996), aff'd 116 F.3d 476 (5th Cir. 1996) (table).  The FTCA also expressly excludes from its waiver of sovereign immunity claims "arising in a foreign country."  See 28 U.S.C. § 2680(k).  This exclusion bars tort claims arising on military bases and embassies under U.S. control overseas, see MacCaskill v. United States, 834 F. Supp. 14, 16 (D.D.C. 1993), aff'd, 24 F.3d 1464 (D.C. Cir. 1994), and thus, in Guantanamo Bay, which is in Cuba.  See Smith v. United States, 507 U.S. 197, 201-04 (1993) (FTCA bars tort claims arising in Antarctica); see also Sosa v. Alvarez-Machain, 124 S. Ct. 2739, 2754 (2004) (repudiating doctrine that § 2680(k) inapplicable where wrongful conduct occurs in U.S. but has operative effect overseas and holding exception bars claims "based on any injury occurring in a foreign country, regardless of where the tortious act or omission occurred").  These explicit exclusions from the waiver of sovereign immunity regarding tort claims in the FTCA means that claims for damages by petitioners for any alleged torts associated with their detention they might raise in an amended complaint would be barred by sovereign immunity.

\* \* \*

As demonstrated above, petitioners' attempt to amend their petition in the abstract poses serious practical issues and legal hurdles.  Given the significant problems, as well as the fact that petitioners have the ability to at least file a separate damages lawsuit and will now be represented by new counsel, see Pets' Resp. at 9, (and without conceding the propriety of any such suit) respondents submit the proper course is not to amend the habeas petition as currently plead, but

7

rather dismiss. Any claim for damages by petitioners should be left the subject of a separate lawsuit specifically seeking damages against properly named and served defendants.

## CONCLUSION

For the foregoing reasons, respondents respectfully request that this Court reject Petitioners' Response to Order to Show Cause Why Petition for Habeas Corpus Should Not Be Dismissed and dismiss petitioners' habeas corpus petition.

Dated: October 13, 2006                Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General

DOUGLAS N. LETTER
Terrorism Litigation Counsel


  /s/ James J. Schwartz
JOSEPH H. HUNT (D.C. Bar No. 431134)
VINCENT M. GARVEY (D.C. Bar No. 127191)
TERRY M. HENRY
JAMES J. SCHWARTZ (D.C. Bar No. 468625)
PREEYA M. NORONHA
ROBERT J. KATERBERG
NICHOLAS J. PATTERSON
ANDREW I. WARDEN
EDWARD H. WHITE
Attorneys
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Ave., N.W. Room 7310
Washington, DC 20530
Tel: (202) 616-8267
Fax: (202) 616-8202

Attorneys for Respondents